**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICARDO RIBEIRO NOVAIS,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 26-4051** |
| | : | |
| **J.L. JAMISON,** *et al.*, | : | |
| **Respondents.** | : | |
| | : | |

## O R D E R

Petitioner Ricardo Ribeiro Novais, who is represented by counsel, moves to enforce my prior Order requiring the Government to provide him with a bond hearing. (Doc. No. 5.) I will deny the Motion.

## I.    BACKGROUND

On June 16, 2026, I granted Novais's Petition to the extent that he sought a bond hearing before an Immigration Judge and an appeal to the Bureau of Immigration Appeals. (Doc. No. 4); see 8 U.S.C. § 1226(a).

Six days later, Novais was afforded a bond hearing. (Doc. No. 5-2 at 5.) Despite their efforts, Counsel were unable to schedule a legal call or visit with Novais before the hearing. (Id. at 3–4.) To show that he was neither a danger nor a flight risk, Novais submitted: (1) his asylum application; (2) evidence of stable employment and residence; (3) ten letters of support; (4) evidence related to his arrest on DUI and traffic charges, completion of the Alternative Rehabilitative Disposition program, and the subsequent dismissal of the charges; and (5) a letter from the Defender Association of Philadelphia explaining the ARD program. (Id. (citing Doc. No. 5-8).) The Government submitted Novais's Form I-213, the Record of Deportable/Inadmissible Alien. (Id. at 5 (citing Doc. No. 5-7).)

At the beginning of the hearing, the IJ and Novais's Counsel shared the following exchange:

> Judge: Thank you, and do you waive a Portuguese interpreter for today's bond hearing?
>
> Counsel 1: If it would be possible to get a Portuguese interpreter your honor, we would greatly appreciate that.
>
> Judge: Possible yes, now no, I'm proceeding accordingly with the Spanish interpreter so if you want to come back at the end of the docket or if I'm not able to accommodate that by the end of the day that's fine but I'm proceeding now I'd be happy to try a little later this afternoon once I utilize the Spanish interpreter.
>
> Counsel 1: Okay, can I just waive the interpreter.
>
> Judge: All right, all right, thank you.

(Doc. No. 5-4 at 2.)

The IJ then heard argument from Novais's Counsel. (Id. at 3–7.)  When the IJ perceived an "important" issue regarding whether Novais had "updated his address with DHS prior to moving," he decided to call a Portuguese interpreter, despite the previous waiver. (Id. at 7.)  After initial technical difficulties, the IJ appeared to confirm through a Portuguese interpreter that Novais listed "an address on Bridge Street in Phoenixville" when he filed his asylum application in 2022. (Id. at 9.)  Further technical difficulties ensued: the first Portuguese interpreter dropped from the call, and the IJ struggled to understand the second Portuguese interpreter. (See id. at 9–11.)  Novais was nonetheless able to testify that he moved to his current address on Main Street, Phoenixville "this year," before the IJ instructed the second Portuguese interpreter that she could hang up. (Id. at 7, 11.)  Novais's Counsel did not object to the dismissal of the second Portuguese interpreter. (Id. at 11–12.)

When the IJ then stated that he thought it was "on the respondent"—i.e., Novais—"to show

that he updated his address with USCIS at some point," Counsel replied, "Our understanding is that he did," but they presented no further evidence on the address issue. (Id.) The IJ then heard argument from DHS, and rebuttal from Novais's Counsel. (Id. at 13–14.)

Following a brief recess, the IJ denied bond, finding that despite "some positive factors," Novais "ha[d] not met his burden of proof with respect to flight risk," including because: (1) Novais "has not updated his address with the immigration court, " which "would necessarily mean he didn't also update his address with USCIS because they NTA'd him at his old address"; (2) "the lack of any immediate relatives of status in the United States"; (3) "his recency of entry"; (4) "his manner of entry"; (5) "the fact of his arrest"; and (6) "his refusal to provide a breath sample" during his arrest, which, despite being Novais's constitutional right, raised "concerns with . . . being candid and forthcoming and complying with any order." (Id. at 15–16.) The IJ instructed that Novais had until July 22, 2026 to appeal his decision. (Id. at 16.)

Novais now moves to enforce my prior order requiring the Government to provide him with a bond hearing, arguing that his first hearing was constitutionally inadequate. (Doc. No. 5.) The Government opposes. (Doc. No. 7.) The matter is fully briefed. (Doc. Nos. 5-1, 7, 8.)

## II.     LEGAL STANDARDS

Although challenges to the Immigration Judge's discretionary determinations must be presented to the BIA for review in the first instance, I have jurisdiction to determine whether Petitioner's bond hearing complied with my Order or was "fundamentally unfair." Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); Gibbs v. Frank, 500 F.3d 202, 205 (3d Cir. 2007) (courts have "continuing jurisdiction to address alleged noncompliance with [a] conditional writ of habeas corpus"). To comport with due process, Petitioner "(1) is entitled to factfinding based on a record produced before the decisionmaker and

3

disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." Ghanem, 2022 WL 574624 at *2. Petitioner "is only required to show that the violation of a procedural protection had the *potential* to affect the outcome of the proceeding." Amos v. Att'y Gen. United States of Am., 157 F.4th 313, 324 (3d Cir. 2025) (emphasis in original).

## III.   DISCUSSSION

### A.   Interpreter

Novais argues that the IJ "did not allow fact finding based on the record because after attempting to question Mr. Ribeiro Novais, he stopped testimony due to the lack of a competent interpreter." (Doc. No. 5-2 at 13–17.)  I disagree.

The Third Circuit has ruled that "Immigration Judges must provide interpreter services when necessary to afford a meaningful immigration hearing." Amos, 157 F.4th at 320.  Yet, when asked by the IJ, Novais's Counsel explicitly "waive[d] the [Portuguese] interpreter." (Doc. No. 5-4 at 2.)  When the IJ nonetheless called and then dismissed a Portuguese interpreter, after he was apparently satisfied with Novais's testimony on the "important" address issue, Counsel did not object.  (Id. at 7–11); cf. Singh v. Att'y Gen. of U.S., 421 F. App'x 211, 214–15 (3d Cir. 2011) (petitioner's due process rights "were not violated by the IJ's purported failure to notify [him] personally, through an interpreter, of the consequences of failing to appear" for a hearing, when the petitioner previously stated "that he understood the consequences of failing to appear" and waived an interpreter).

In any event, Novais "has not shown that having an interpreter had 'the potential for affecting the outcome of [the] . . . proceedings.'" Amos, 157 F.4th at 326 (quoting Serrano-Alberto v. Att'y Gen. United States, 859 F.3d 208, 213 (3d Cir. 2017)).

4

Novais concedes that he was "not able to obtain" any evidence that he had "update[d] USCIS with his address"—through an "Alien's Change of Address Card," Form AR-11—"until after his bond hearing." (Doc. No. 5-2 at 18 & n.2.) The Form AR-11 that Novias now attaches to his Motion states: "All aliens subject to registration requirements may use this form to report a change of address within 10 days of such a change." (Doc. No. 5-5 at 3); see also 8 U.S.C. § 1305 ("Each alien required to be registered under this subchapter who is within the United States shall notify the Attorney General in writing of each change of address and new address within ten days from the date of such change and furnish with such notice such additional information as the Attorney General may require by regulation.") Yet, Novais did not execute the Form AR-11 until April 2, 2026—some eighteen months after he executed the lease for his new address on October 1, 2024. (Doc. Nos. 5-5 at 2, 5-8 at 39.)

Moreover, the Form AR-11 also states: "IMPORTANT: If you are in immigration proceedings you must separately notify the Immigration Court of any address changes. Filing Form AR-11 with USCIS does not update your address with the Immigration Court." (Doc. No. 5-5 at 3.) Novais offers no other evidence even suggesting that he separately updated his address with the Immigration Court.

Accordingly, any further testimony that the IJ may have permitted Novais to give through an interpreter on the address issue would have lacked corroboration, and, even if credited, would not have shown that Novais complied with those obligations that the IJ found he had violated. (See Doc. No. 5-4 at 15–16); 8 U.S.C. § 1305; Mejia v. Oddo, No. 26-49, 2026 WL 1831055, at *2 n.2 (W.D. Pa. June 25, 2026) ("Whether to permit testimony is a discretionary decision for the immigration judge." (citing Jeddou v. Warden of Delaney Hall Det. Ctr., No. 26-01203, 2026 WL 1005052, at *2 (D.N.J. Apr. 14, 2026))). In these circumstances, any additional interpretation

services had no potential to affect the outcome of the proceedings.  See Amos, 157 F.4th at 326.

**B.      Remaining Arguments**

Novais fails to show that his bond hearing was otherwise fundamentally unfair.

He argues that the IJ "did not meaningfully review the evidence and instead conducted his own research to justify a predetermined outcome." (Doc. No. 5-2 at 17–19.)   Yet, when the IJ stated that "it's on the respondent to show that he updated his address with USCIS at some point," Counsel merely said that their "understanding is that he did," but they offered no evidence in support of that understanding.  (Doc. No. 5-4 at 11.)  As I have discussed, Novais concedes that there was no such evidence in the record at his bond hearing.  Rather than "conduct his own research," the IJ appropriately based his decision on the record before him.  See Ghanem, 2022 WL 574624 at *2.

Novais next argues that the IJ failed to consider whether a monetary bond or alternatives to detention could mitigate flight risk.  (Doc. No. 5-2 at 19–20.)  There is some authority suggesting "that an immigration judge is required to consider whether less restrictive alternatives to detention would address the government's legitimate purposes."  Ousman D. v. Decker, No. 20-9646, 2020 WL 5587441, at *4 (D.N.J. Sept. 18, 2020).  Although the IJ did not explicitly find that less restrictive alternatives would be insufficient here, I am not persuaded that he was constitutionally required to do so in these circumstances.  See Cano v. Soto, No. 25-18008, 2026 WL 63486 (D.N.J. Jan. 8, 2026) (holding that the IJ "was not required to consider less restrictive alternatives to detention," and distinguishing Ousman); Gadio v. Rose, No. 26-896, 2026 WL 2291348, at *1 (W.D. Pa. Aug. 10, 2026) (failure to "evaluate alternatives to detention" . . . did not "not rise to the level of a violation of a constitutional right or federal law that will support further relief pursuant to a motion to enforce judgment").

Although Novais argues that the IJ could not permissibly rely on Novais's exercise of his "constitutional right to refuse a breathalyzer" in denying bond, he cites no authority indicating that an IJ may not consider such a refusal in reaching his bond determination.  (See Doc. No. 5-2 at 20–2); Ghanem, 2022 WL 574624, at *2 ("To the extent that [the petitioner] argues the IJ and BIA should have weighed the police reports differently given concerns about hearsay and reliability, that argument challenges a discretionary determination that we may not review." (citing 8 U.S.C. § 1226(e))).

Finally, Novais's speculation that "independent evidence of pressure on IJs to categorically deny bond to noncitizens like Mr. Ribeiro Novais calls into question the IJ's neutrality" is not persuasive.  (Doc. No. 5-2 at 21–22.)  Novais "may disagree with the [IJ's] weighing of the evidence, but the record shows the hearing complied with the procedural protections required by Ghanem and the immigration judge did not act as a rubber stamp."  Avilov v. McShane, No. 26-2431, 2026 WL 1947617, at *3 (E.D. Pa. July 6, 2026).

## IV.    CONCLUSION

In sum, because Novais's bond hearing was not fundamentally unfair, the issues he seeks to raise are properly brought before the BIA.

*          *          *

**AND NOW**, this 11th day of August, 2026, upon consideration of  Petitioner's Motion to Enforce (Doc. No. 5), the Government's Response (Doc. No. 7), and Petitioner's Reply (Doc. No. 8), it is hereby **ORDERED** that Petitioner's Motion (Doc. No. 5) is **DENIED**.

**AND IT IS SO ORDERED.**

/s/ Paul S. Diamond
_____
Paul S. Diamond, J.